**SHAMIS & GENTILE, P.A.**
CLASS ACTION LAW FIRM

Shamis & Gentile, P.A.
14 NE 1st Ave, Suite 1205 • Miami, FL 33132
Telephone 305-479-2299 • Fax 786-623-0915

June 11, 2025

<u>**VIA ECF**</u>
Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4GN
Brooklyn, New York 11201

Re:   *Perez, et al. v. Berkeley College*, Case No. 2:25-cv-02001 (E.D.N.Y) – **Plaintiff's Response to Defendant's Pre-Motion Conference Request.**

Dear Judge Donnelly:

    We represent Plaintiff, Dennis Perez ("Plaintiff"), in his claims against Defendant Berkeley College ("Defendant"). We write to formally respond to Defendant's Pre-Motion Conference Request [ECF No. 9] and note Plaintiff's anticipated opposition to Defendant's anticipated motions to compel arbitration, dismiss Plaintiff's claims and stay this action. While Defendant notes its intent to dismiss Plaintiff's ancillary state law claims, Plaintiff notes that his Complaint only brought a federal claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

    Plaintiff brings this putative class action alleging that Defendant violated Plaintiff's and the prospective class members' rights under the TCPA, by sending promotional text messages to Plaintiff and the putative class, despite Plaintiff and the class opting out from further text messages from Defendant and despite Defendant acknowledging receipt of Plaintiff's and the class's opt out requests. Plaintiff seeks statutory damages under the TCPA and injunctive relief enjoining Defendant from sending its promotional text messages to Plaintiff and the proposed class members.

    Despite the parties' ongoing discussions and pre-suit investigations, which began as early as March 13, 2025, Defendant waited until June 4, 2025 to first raise existence of an alleged arbitration agreement between Plaintiff and Defendant, via its Pre-Motion Conference Request [ECF No. 9]. A copy of the parties' correspondence is attached hereto as **Exhibit A**.

    Due to Defendant's delayed disclosure of this alleged agreement, along with Defendant's refusal to produce such evidence after filing its Pre-Motion Conference Request, Plaintiff respectfully requests that Defendant be ordered to produce all of its alleged evidence, which it

claims supports its motion to compel arbitration, prior to Defendant's filing of any of its anticipated motions. To the extent there is evidence in support of a motion to compel arbitration (Plaintiff has not yet seen it) Plaintiff further requests that this Court order the parties to engage in good faith resolution discussions for a period of fourteen (14) days following Plaintiff's receipt of Defendant's alleged evidence. Such a thoughtful process will ensure that both parties' resources, as well as this Court's resources, are not wasted over unnecessary litigation.

## I. Defendant Has Not Shown that An Agreement to Arbitrate Exists

In the Second Circuit, the party seeking to compel arbitration bears the burden of demonstrating that an agreement to arbitrate actually exists. *See Zachman v. Hudson Valley Federal Credit Union*, 49 F.4th 95, 101–02 (2d Cir. 2022) citing *Doctor's Assocs., Inc. v. Alemayehu*, 934 F.3d 245, 254 (2d Cir. 2019); *Almacenes Fernandez, S.A. v. Golodetz*, 148 F.2d 625, 628 (2d Cir. 1945) (noting that the parties seeking a stay in favor of arbitration "supported their application ... by showing at least prima facie that" an agreement to arbitrate was proposed and accepted); *see also Interocean Shipping Co. v. Nat'l Shipping & Trading Corp.*, 462 F.2d 673, 675 (2d Cir. 1972) (describing the evidence included in the initial petition of the party seeking to compel arbitration). "This burden does not require the moving party to show that the agreement would be enforceable—only that an agreement to arbitrate existed." *Zachman,* 49 F.4th 95 at 102.

Throughout the pendency of this case (as well as the pre-suit investigation stage), not once has Defendant or its counsel notified Plaintiff of the existence of any alleged agreement to arbitrate Plaintiff's claims asserted in this lawsuit. Nor has Defendant attached any such evidence to its June 4, 2025 Pre-Motion Conference Request. In fact, the same day Defendant filed its Pre-Motion Conference Request, counsel for Plaintiff immediately requested the production of the alleged arbitration agreement, only to be met with a blanket refusal. *See* **Exhibit A**.

Further, while Defendant's Pre-Motion Conference Request attempts to describe the existence of this alleged agreement (the Request for Information "RFI" form), Defendant fails to provide any specifics as to how or when Plaintiff may have completed this RFI form, such as a date, time, and/or IP address. Without any actual evidence of an actual agreement, coupled with the lack of specificity surrounding the circumstances of Plaintiff's alleged agreement to arbitrate, Defendant cannot meet its burden of demonstrating that an agreement to arbitrate actually exists. Moreover, without such evidence this Court cannot perform its analysis of determining whether such an agreement is enforceable. *See Zachman,* 49 F.4th 95 at 101("Only if the court concludes an agreement to arbitrate exists does it determine (1) the scope of the agreement to arbitrate; (2) whether Congress intended any federal statutory claims asserted to be non-arbitrable; and (3) if some, but not all, of the claims in the case are arbitrable, whether to stay the balance of the proceedings pending arbitration.").

## II. Plaintiff's Complaint Adequately States a Claims for Relief With Respect to Defendant's Violations of the Do-Not-Call Provisions of the TCPA

Plaintiff further opposes Defendant's anticipated motion to dismiss because Plaintiff sufficiently states a claim for relief under the TCPA in his Complaint. Under Federal Rule of Civil Procedure 8(a)(2) a pleading must contain a short and plain statement of the claim showing that

the pleader is entitled to relief. The Rule 8 pleading standard does not require detailed factual allegations. *See Bell Atlantic Corp. v. Twombly*, 550. U.S. 544, 555 (2007). When considering a motion to dismiss under Federal Rules of Civil Procedure, a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011)[1]. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *United States v. Wolin*, 489 F.Supp.3d 21, at *26 (E.D.N.Y. September 28, 2020).

Here, Plaintiff alleges—with detailed factual support—that he opted out from Defendant's telemarketing text messages using standard opt out language; that Defendant immediately acknowledged Plaintiff's opt out requests; that Defendant has the capability of complying with Plaintiff's opt out requests, yet it fails to ensure that Plaintiff and the class members opt out requests are not honored. *See* Complaint [ECF No. 1], at ¶¶ 15-20. Plaintiff further alleges that based on these facts (Plaintiff's repeated opt out requests using Defendant's designated opt out language, "STOP," Defendant's repeated acknowledgement of Plaintiff's opt out requests and Defendant's repeated failure to honor Plaintiff's opt out requests) "Defendant has failed to maintain a master optout list and/or failed to maintain internal policies to sufficiently honor the opt-out requests made by Plaintiff and the Class members." *Id*. at ¶ 21. *See also Id*. at ¶¶26-27 (further describing Defendant's failure to comply with 47 C.F.R. § 64.1200(d). Accordingly, Plaintiff has stated a claim that survives a motion to dismiss. Plaintiff's allegations, that Defendant violated the TCPA's Do Not Call Policies under 47 C.F.R. § 64.1200(d) must be taken as true at the pleadings stage. *See Bell Atlantic Corp. v. Twombly*, 550. U.S. 544, 555 (2007); *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011); *United States v. Wolin*, 489 F.Supp.3d 21, at *26 (E.D.N.Y. 2020).

Finally, Defendant's anticipated motion to dismiss ancillary state law claims (which are not being brought in this Complaint) should not be permitted at all. This a simple one-count Complaint based on Defendant's violations of the TCPA's Do Not Call Policies under 47 C.F.R. § 64.1200(d).

Accordingly, Plaintiff respectfully requests that this Court (1) deny Defendant's request for a pre-motion conference at this time; (2) order Defendant to produce any evidence it intends to rely upon in support of its anticipated motions; and (3) order the parties to engage in good faith resolution discussions for period of fourteen days following Plaintiff's receipt of such evidence.

> Respectfully submitted,
> */s/ Andrew Shamis*
> Andrew Shamis, Esq.

cc: Steven P. Benson, Esq. [via ECF]

---

[1] All internal citations and quotations omitted and emphasis added, unless otherwise noted.